UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PREMIER ACCESSORY GROUP, LLC,

            Plaintiff,

  - against -

CUSTOM ACCESSORIES, INC.,

            Defendant.
------------------------------------------------------------X

Civil Action No.: 15 CV 00081 (KPF)

COMPLAINT

Jury Trial Demanded

JUDGE FAILLA

RECEIVED JAN 07 2015 U.S.D.C. S.D.N.Y.

Plaintiff PREMIER ACCESSORY GROUP, LLC ("Premier"), by and through its undersigned counsel by way of its Complaint against defendant CUSTOM ACCESSORIES INC. ("Custom"), alleges and states as follows:

## NATURE OF ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, for a declaratory judgment of non-infringement of patents under 28 U.S.C. §§2201 and 2202 and for other related relief as provided by titles 28 and 35 of The United States Code.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1338(a), and 2201.

3. Venue is proper within this judicial district under 28 U.S.C. §1400(b) and 28 U.S.C. §1391(d).

4. Premier is a limited liability company organized and existing under the laws of the State of New York with offices in New York and New Jersey.

5. Upon information and belief, Custom is an Illinois corporation organized and existing under the laws of Illinois, with its principal place of business at 5900 Ami Drive, Richmond, Illinois 60071.

6. Upon information and belief, Custom transacts substantial business in the State of New York, including in this judicial district, has contracted to supply goods in the State of New York, and is otherwise subject to the personal jurisdiction of this Court.

## COUNT I

### (Patent Infringement)

7. Premier hereby repeats and re-alleges paragraphs 1 through 6 above as if fully set forth herein.

8. Premier develops and distributes a variety of mobile electronic products, including without limitation, car accessories such as chargers and adapters for cell phones and other portable mobile electronic devices.

9. U.S. Design Patent No. D700,573 S ("the '573 patent"), a copy of which is attached hereto as Exhibit A, was duly and legally issued on March 4, 2014, for an ornamental design for a charger device.

10. Premier is the sole owner, by assignment, of all right, title and interest in and to the '573 patent.

11. Custom offers for sale, sells, distributes and/or imports into the United States 12V Chargers with a USB port (the "Customer Charger"), which have the same or substantially the same design as the charger design covered by the '573 patent. The design of the Customer Charger is so similar to the design covered by the '573 patent so as to be nearly identical, such that an ordinary observer, giving such attention as a purchaser usually gives, would be deceived

by the substantial similarity between the designs so as to be induced to purchase the Customer Charger believing it to be the same or substantially the same as the charger design covered by the '573 patent.

12. Upon information and belief, the Custom Charger is being sold in Walmart, Best Buy, Target and other national chain retailers.

13. Custom has infringed the '573 patent and, unless enjoined, will continue to infringe the '573 patent, by selling, offering for sale, making, using, distributing and/or importing into the United States chargers, including at least the Custom Charger, that have a design that is the same as or substantially the same as the design claimed in the '573 patent, or equivalents thereof, in violation of 35 U.S.C. §271.

14. Custom's acts of infringement were undertaken willfully, without authority, permission or license from Premier.

15. By reason of Custom's infringement of the '573 patent, Premier has suffered irreparable injury and has been damaged in an amount to be determined at trial. Premier's damages include lost profits and/or reasonable royalties adequate to compensate for the infringement by Custom.

## COUNT II

### (Declaratory Judgment of Non-Infringement of Patents)

16. Premier hereby repeats and re-alleges paragraphs 1 through 15 above as if fully set forth herein.

17. Custom claims to be the owner of U.S. Patent Nos. D709,891 ("the '891 patent") and D717,305 ("the '305 patent").

3

18. On or about November 25, 2014, Custom sent a letter, through its counsel, to Premier, alleging that a folding USB adaptor sold by Premier infringes the '891 and '305 patents. In the letter, Custom demanded that Premier cease and desist from all marketing, promotion, and sales activities in the United States relating the folding USB adaptor referenced in said letter. The November 25th letter further advised Premier that Custom had filed an action for patent infringement against Premier, in the Northern District of Illinois. A copy of said Complaint was attached to the November 25 letter. The November 25 letter further advised Premier that Custom would serve a copy of the Complaint if Premier did not promptly comply with its demand to cease and desist.

19. At all relevant times, Premier had contracts with customers, including national chain retailer AutoZone, for the supply of folding USB adaptors (and other mobile electronic devices and accessories) and, upon information and belief, Custom had knowledge of Premier's contracts with AutoZone and other customers for the supply of folding USB adaptors.

20. Upon information and belief, Custom has contacted customers of Premier, including at least AutoZone, and affirmatively, purposefully and maliciously advised such customers that Premier's folding USB adaptor infringes patents owned by Custom.

21. Subsequently, AutoZone informed Premier that it would not continue to purchase the same quantity of Premier's folding USB adaptors as it had been purchasing previously, if at all, due to the alleged infringement of Custom's patents.

22. Premier and its products, including the folding USB adaptor, do not infringe the '891 patent.

23. Premier and its products, including the folding USB adaptor, do not infringe the '305 patent.

24. Based on the foregoing, an actual case or controversy exists entitling Premier to a declaratory judgment that it does not infringe, and has not infringed, the '891 and '305 patents.

**WHEREFORE**, Premier respectfully prays for judgment in its favor and against Custom, as follows:

(a) that Custom has infringed the '573 patent;

(b) that an injunction be entered permanently enjoining Custom and its agents, servants, and employees, and all those in active concert and participation with it, or any of them, from infringing the '573 patent;

(c) that an accounting be had, and judgment rendered in Premier's favor, and against Custom, for (i) damages adequate to compensate for the infringement of the '573 patent, in an amount to be determined at trial, but in no event less than a reasonable royalty, pursuant to 35 U.S.C. §284; and/or (ii) for Custom's total profits on the sale of infringing products, pursuant to 35 U.S.C. §289; together with costs and interest;

(d) that the infringement by Custom be found to be willful and that Premier be awarded treble damages pursuant to 35 U.S.C. §284;

(e) that Premier does not infringe the '891 patent;

(f) that Premier does not infringe the '305 patent;

(g) that Premier be awarded relief under 28 U.S.C. §2202;

(h) that attorneys' fees, pursuant to 35 U.S.C. §285, costs and disbursements incurred in connection with the prosecution of this action be awarded to Premier;

(i) for such other and further relief as to the Court may seem just, proper and equitable under the circumstances.

Dated: New York, New York
January 7, 2015

Respectfully Submitted,

**MORITT HOCK & HAMROFF LLP**

By: _____
Brian A. Bloom
Michael F. Sarney

450 Seventh Avenue, 15th Floor
New York, New York 10123
Telephone: (212) 239-2000
Facsimile: (646) 688-6096
bbloom@moritthock.com
msarney@moritthock.com

# EXHIBIT A



US00D700573S

| (12) | United States Design Patent | (10) Patent No.: | US D700,573 S |
|---|---|---|---|
| | Esses | (45) Date of Patent: ** | Mar. 4, 2014 |

(54) **CHARGER**

(71) Applicant: **Premier Accessory Group LLC,** Edison, NJ (US)

(72) Inventor: **Alfred Esses,** Brooklyn, NY (US)

(73) Assignee: **Premier Accessory Group LLC,** Edison, NJ (US)

(**) Term: 14 Years

(21) Appl. No.: **29/476,256**

(22) Filed: **Dec. 12, 2013**

(51) LOC (10) Cl. .................................................. 13-02

(52) U.S. Cl.
USPC ................................................ D13/108; D13/144

(58) Field of Classification Search
USPC ........ D13/107–110, 118–119, 133, 144, 184, D13/199; D14/155; 320/107–115; 439/300, 439/620.01, 620.26–620.28, 638, 668, 669, 439/675, 825; 363/146
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| D330,700 | S | * | 11/1992 | Wharton | D13/158 |
| D349,096 | S | | 7/1994 | Hyvonen | |
| D359,269 | S | * | 6/1995 | Wharton | D13/144 |
| D362,230 | S | | 9/1995 | Yokozawa | |
| D410,432 | S | | 6/1999 | Park | |
| D456,007 | S | | 4/2002 | Kuo | |
| 6,478,628 | B1 | | 11/2002 | Ming | |
| 6,811,435 | B1 | | 11/2004 | Fan | |
| 6,842,356 | B2 | | 1/2005 | Hsu | |
| D504,407 | S | | 4/2005 | Cohen et al. | |
| D509,792 | S | * | 9/2005 | Hsu | D13/110 |
| D526,962 | S | * | 8/2006 | Krieger et al. | D13/144 |
| D528,077 | S | * | 9/2006 | Yuen | D13/144 |
| D543,940 | S | * | 6/2007 | Hussaini et al. | D13/144 |
| D550,616 | S | * | 9/2007 | Dayan | D13/110 |
| D551,166 | S | * | 9/2007 | Dayan | D13/110 |
| D551,170 | S | * | 9/2007 | Hussaini et al. | D13/144 |
| D554,059 | S | * | 10/2007 | Hsu | D13/110 |
| D556,730 | S | * | 12/2007 | Yokoyama | D14/155 |
| D559,776 | S | * | 1/2008 | Kim | D13/108 |
| 7,351,111 | B2 | * | 4/2008 | Cheng | 439/638 |
| 7,500,881 | B1 | | 3/2009 | Lin | |
| D592,598 | S | * | 5/2009 | Kettula | D13/144 |
| 7,686,657 | B1 | | 3/2010 | Chan et al. | |
| D617,278 | S | * | 6/2010 | Tang et al. | D13/144 |
| D625,267 | S | | 10/2010 | Tseng et al. | |
| D632,652 | S | | 2/2011 | Wikel et al. | |

(Continued)

FOREIGN PATENT DOCUMENTS

| CN | 101521300 | 9/2009 |
| CN | 202872390 | 4/2013 |

(Continued)

*Primary Examiner* — Rosemary K Tarcza
(74) *Attorney, Agent, or Firm* — Gottlieb, Rackman & Reisman, P.C.

(57) **CLAIM**

The ornamental design for a charger, as shown and described.

**DESCRIPTION**

FIG. 1 is a front, top, left side perspective view of a charger having the design of my invention;
FIG. 2 is a top plan view thereof;
FIG. 3 is a left side elevation view thereof;
FIG. 4 is a front side elevation view thereof;
FIG. 5 is a rear elevation view thereof;
FIG. 6 is a right side elevation view thereof;
FIG. 7 is a bottom plan view thereof; and,
FIG. 8 is a rear, bottom, left side perspective view thereof.
It being understood that the broken lines are for illustrative purposes only and form no part of the claimed design.

1 Claim, 5 Drawing Sheets




## US D700,573 S
Page 2

### (56) References Cited

#### U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 7,937,040 B2 | 5/2011 | Dayan |
| 7,990,104 B2 | 8/2011 | Chen et al. |
| D656,899 S | 4/2012 | Webb et al. |
| D670,249 S * | 11/2012 | Inskeep ................ D13/144 |
| D687,378 S * | 8/2013 | Iacovelli et al. ........ D13/110 |
| 2005/0227708 A1 | 10/2005 | Peng |

#### FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| CN | 203014454 | 6/2013 |
| DE | 19930429 | 4/1993 |
| FR | 20125775 | 5/2013 |
| GB | 3025195 | 5/2006 |
| GB | 4020654 | 7/2011 |
| GB | 4028773 | 2/2013 |
| GB | 4028776 | 2/2013 |
| HK | 0410709.0 | 2/2004 |
| HK | 1102188.2M002 | 12/2011 |
| HK | 1202267.1 | 11/2012 |
| JP | D1145002 | 4/2002 |
| KR | 3020040036239 | 11/2004 |
| KR | 20060022147 | 6/2006 |
| SG | D2010311 | 4/2010 |
| TW | D106934 | 10/2005 |
| TW | D155771 | 9/2013 |

* cited by examiner

U.S. Patent  Mar. 4, 2014  Sheet 1 of 5  US D700,573 S



FIG. 1



FIG. 2    FIG. 3



FIG. 4



FIG. 6



FIG. 5



FIG. 7

U.S. Patent    Mar. 4, 2014    Sheet 5 of 5    US D700,573 S



FIG. 8